IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA and THE PEOPLE OF THE STATE OF ILLINOIS *ex rel.* BRENT GAINES,<br><br>**Plaintiffs,**<br><br>v.<br><br>**SMART HOLDING CORP. and CIOX HEALTHCARE, LLC.,**<br><br>**Defendants.** | Case No. 3:22-cv-02960-SPM |

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

Relator Brent Gaines filed the instant *qui tam* action under the False Claims Act, 31 U.S.C. §§ 3727 *et seq*., against Defendants Smart Holding Corp. and Ciox Healthcare, LLC. (collectively referred to as "Ciox"). Now pending before the Court is the United States' Motion to Dismiss (Doc. 16). Gaines filed a Response (Doc. 21) to which the United States has filed a reply (Doc. 22).

### BACKGROUND

Gaines alleges that since January 2022 Ciox has been receiving compensation it is not entitled to for fulfilling medical record requests. (Doc. 2, p. 10). On January 1, 2022, a change in Illinois law allowed any entity to receive one free copy of a patient's medical records if they were requested for the purpose of obtaining Social Security benefits. (*Id.* at 7). Despite this, Ciox is alleged to have continued charging the Illinois Bureau of Disability Determination Services ("the Bureau") for copies of medical records. (*Id.* at 10). The Bureau was then compensated for these charges by

the Social Security Administration ("SSA"), which funds the entirety of the Bureau's operations. (*See id.* at 5). Gaines brings this action on behalf of the United States and State of Illinois under the False Claims Act and its Illinois counterpart seeking compensation for the wrongfully charged processing fees. The Complaint raises two claims: Claim 1 under the False Claims Act on behalf of the United States and Claim 2 under Illinois law on behalf of the State of Illinois. The Complaint is still under seal at this time.

The United States has elected to intervene and now moves to dismiss the federal claim under 31 U.S.C. § 3730(c)(2)(A). (Doc. 16). The State of Illinois has declined to intervene in the case. (Doc. 18). Gaines filed a response to the motion to dismiss, arguing that the United States had failed to offer a reasonable argument for why the litigation should not continue. (Doc. 21).

## DISCUSSION

The False Claims Act prohibits presenting to the United States "a false or fraudulent claim for payment or approval." 31 U.S.C. § 3729(a)(1)(A). Civil actions under the Act may be brought by the United States or by a private person on behalf of the United States. 31 U.S.C. § 3730(b)(1). To bring an action under the Act, a relator must first file the complaint under seal for at least sixty days to allow the government to investigate the claim and to determine whether or not to intervene in the case. 31 U.S.C. § 3730(b)(2). If the government elects to intervene in the case, it "may dismiss the action notwithstanding the objections of the person initiating the action if the person has been notified by the government of the filing of the motion

and the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c)(2)(A).

The United States' ability to dismiss a *qui tam* suit during the seal period is governed by Federal Rule of Civil Procedure 41(a)(1). *United States ex rel. Polansky v. Executive Health Resources, Inc.*, 599 U.S. 419, 424 (2023); *United States ex rel. CIMZNHCA, LLC v. UCB, Inc.*, 970 F.3d 835, 849 (7th Cir. 2020). Rule 41(a) allows an action to be dismissed by filing a notice of dismissal when the opposing party has not filed an answer or moved for summary judgment. FED. R. CIV. P. 41(a)(1)(A)(i). The False Claims Act adds an additional step, only allowing an action to be dismissed without the relator's consent when the relator is given notice and an opportunity to be heard. 31 U.S.C. § 3730(c)(2)(A). The requirement for an opportunity to be heard is fulfilled when the relator is able to file a response to the motion, at which point the case ends. *See CIMZNHCA*, 970 F.3d at 850.

Gaines argues that the United States is required to "[offer] a reasonable argument for why the burdens of continued litigation outweigh its benefits" before the Court may grant a motion to dismiss. *Polansky*, 599 U.S. at 438. While Gaines correctly states that the Supreme Court in *Polansky* rejected the notion that the government had "essentially unfettered discretion to dismiss" the case, 599 U.S. at 435, it did so within the specific procedural posture of that case. In *Polansky*, the government did not file its motion to dismiss until after the defendant filed its answer, well after the seal period ended. *Id.* at 428. The timing of the case necessitated the use of the Rule 41(a)(2) standard, which does require the government

to make a reasonable argument for dismissal, as opposed to under Rule 41(a)(1) which only requires a notice of dismissal be filed. *See id.* at 435.

Here, the United States filed its notice of intervention and moved that the Claim brought on its behalf be dismissed during the seal period. Gaines had an opportunity to be heard by filing a response to the motion. This is all that is required by the False Claims Act and Rule 41. The motion is therefore granted and Claim 1 of the Complaint is dismissed.

With the federal claim dismissed, the Court must decide whether to exercise supplemental jurisdiction over the remaining state-law claim. The Seventh Circuit has stated that "[w]hen all federal claims in a suit in federal court are dismissed before trial, the presumption is that the court will relinquish federal jurisdiction over any supplemental state-law claims." *Al's Serv. Ctr. v. BP Prods. N. Am., Inc.*, 599 F.3d 720, 727 (7th Cir. 2010). As this presumption is rebuttable, the remaining parties are invited to file additional briefs concerning the Court's exercise of supplemental jurisdiction before a final determination is made.

*   *   *

For the foregoing reasons, the United States is entitled to dismiss the instant action pursuant to 31 U.S.C. § 3730(c)(2)(A) and Rule 41(a)(1). The United States' Motion is therefore **GRANTED** and Count 1 of the Complaint is **DISMISSED** without prejudice as to the United States and with prejudice as to Gaines. Gaines and the State of Illinois are invited to file supplemental briefing stating whether the Court should exercise supplemental jurisdiction within twenty-one (21) days of the

issuance of this order.

**IT IS SO ORDERED.**

**DATED:  May 6, 2024**

<u>s/ *Stephen P. McGlynn*</u>
**STEPHEN P. McGLYNN**
**U.S. District Judge**
